UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| **Lisa Azzou,** as guardian and natural parent on behalf of her minor daughter **S.A.**,<br><br>Plaintiff,<br>v.<br><br>**LOF GRAND RAPIDS, LLC,** a Delaware limited liability company,<br><br>Defendant. | Case No. 1:26-cv-2395 |

---

NOW COMES Lisa Azzou, as guardian and natural parent on behalf of her minor daughter S.A., by and through the undersigned counsel, Owen B. Dunn, Jr., who hereby files this Complaint against LOF Grand Rapids, LLC a Delaware limited liability company, for injunctive relief, damages, attorneys' fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA"), alleging as follows:

## JURISDICTION AND VENUE

1. This action is brought by the Plaintiff, Lisa Azzou on behalf of her minor child S.A. and individuals similarly situated, pursuant to the enforcement provision of the American with Disabilities Act of 1990 (the "ADA"), 42 U.S.C. § 12188(a), against the Defendant as delineated herein.

2. The Court has jurisdiction pursuant to the following statutes: 28 U.S.C. §

1331, which governs actions that arise from the Defendant's violations of Title III of the ADA, 42 U.S.C. § 12181, *et seq.*; 28 U.S.C. § 1331, which gives the District Courts original jurisdiction over civil actions arising under the Constitution, laws, or treaties of the United States; 28 U.S.C. § 1343(3) and (4), which gives District Courts jurisdiction over actions to secure civil rights extended by the United States government; and 28 U.S.C. § 1367, as Count II utilizes the same core of operative facts as Count I, and is therefore subject to supplemental jurisdiction.

3. Venue is proper in the Western District of Michigan as venue lies in the judicial district of the property *situs*. The Defendant's property and/or operations, as complained of by Plaintiff, are located in this judicial district, where the business of public accommodation is conducted, including the acts complained of herein.

**PARTIES**

4. Plaintiff, Lisa Azzou is the guardian and natural parent of her minor daughter S.A.

5. S.A., is a female born on October 29, 2008, is an Oakland County, Michigan resident, and the minor child qualifies as an individual with disability as defined by the ADA, 42 U.S.C. § 12102(2), 28 C.F.R. 36.104.

6. Defendant **LOF GRAND RAPIDS, LLC**, owns the property located at

3333 28th St. SE, Grand Rapids, MI 49512 in Kent County, Michigan, which is a hotel commonly known as "The Center Hotel Grand Rapids Airport" and formerly known as "Sonesta Hotel Grand Rapids Airport." Plaintiff, together with her minor daughter S.A., patronized Defendant's property and the facilities thereon previously as a place of public accommodation and have experienced the barriers to access complained of herein.

7. The hotel owned and operated by the Defendant underwent extensive renovation and alteration by the Defendant (or its predecessor) which began in 2017 and concluded in 2019 and is non-compliant with the remedial provisions of the 1991 ADA Standards for Accessible Design or 2010 ADA Standards as applicable for newly designed and constructed or altered facilities. Full compliance with the implementing regulations of the ADA to all new construction and altered public accommodation areas is required for this hotel unless it would be structurally impracticable in which case compliance is required to the extent that it is not structurally impracticable.

8. As Defendant either owns, leases, leases to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104, Defendant is responsible for complying with the obligations of the ADA. Defendant's hotel is a place of public accommodation. Defendant's property fails to comply with the ADA

and its regulations, as also described further herein.

9. S.A. is a child diagnosed with spina bifida, hydrocephalus, Chiari malformation, sleep apnea, and neurogenic bladder and permanently uses a wheelchair for mobility. As such, she is substantially limited in performing one or more major life activities, including but not limited to, standing and walking, as defined by the ADA and its regulations thereto. Lisa Azzou is her mother.

10. Plaintiff Lisa Azzou had secured a reservation through Sonesta.com for an "Accessible King Roll-In Shower" guestroom to stay together with S.A. on a girl's trip to Grand Rapids, MI and surrounding area.

11. On August 26, 2025, S.A. and her mother were overnight guests on the property that forms the basis of this lawsuit and S.A. plans to return to the property to avail herself of the goods and services offered to the public at the property.

12. Upon arrival, Lisa Azzou and S.A. were advised their reservation for the accessible roll-in shower guestroom could not be honored because "4 of them were out of order."

13. Upon further investigation and a reported inspection of the rooms, hotel registration staff informed the accessible room was actually "in order" and available.

14. While S.A. and her mother were told their guestroom was an ”accessible” room, the room provided to S.A. and her mother did not have any noticeable mobility accessible features.

15. During the Plaintiff’s visits to Defendant’s property, she encountered architectural barriers at the subject property that violate the ADA and its regulations. The barriers to access at the property have endangered Plaintiff’s safety and violate nondiscrimination provisions of the ADA thereby impacting the Plaintiff.

16. Plaintiff has a realistic, credible, existing and continuing threat of discrimination from the Defendant’s non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations contained in this complaint. Plaintiff has reasonable grounds to believe that she will continue to be subjected to discrimination in violation of the ADA by the Defendant. Plaintiff desires to visit the Defendant’s place of business again on future occasions, not only to avail herself of the goods and services available at the property but to assure herself that this property is in compliance with the ADA so that she and others similarly situated will have full and equal enjoyment of the hotel without fear of discrimination.

17. The Defendant has discriminated against the individual Plaintiff by denying her access to the full and equal enjoyment of the goods, services, facilities,

privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 *et seq*.

18. The Defendant has discriminated, and is continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, *inter alia*, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less).

19. A preliminary inspection of the hotel owned or operated by Defendant has shown that many violations of the ADA exist at the subject property. These violations include, but are not limited to:

**Reservation**

A. The mobility accessible guestroom reserved by S.A.'s mother for S.A.'s benefit was given away to another customer or does not exist. Guests who require an accessible transient lodging guestroom and have made a reservation, this room shall not be given to another guest, in violation of 28 CFR § 36.302(E)(1)(v) which guarantees that an individual with disabilities who requires the specific accessible guest room reserved through the hotel's reservations service, that room is held for the reserving customer, regardless of whether a specific room is held in response to reservations made by others.

**Lobby Restrooms**

B. The women's restroom hook on the door exceeds allowable reach range, in violation of the ADA and Section 308.2.1 of the 2010 Standards and Section 4.2.5 of the 1991 Standards, whose remedy is strictly required or, at minimum, readily achievable

C. The women's restroom lacks required maneuvering clearance at the latch side to exit, in violation of the ADA and Section 404.2.4.1 of the 2010 Standards and 1991 ADAAG section 4.13.6, whose remedy is strictly required or, at minimum, readily achievable.

D. The women's restroom water closet lacks required clear floor space around it for wheelchair users, in violation of the ADA and Section 604.3.1 of the 2010 Standards and 1991 ADAAG Section 4.16.2, whose remedy is strictly required or, at minimum, readily

achievable.

E. The women's restroom side grab bar does not meet required length or extend 54 inches from the rear wall, in violation of the ADA and section 604.5.1 of the 2010 Standards and 1991 ADAAG section 4.17.6, whose remedy is strictly required or, at minimum, readily achievable.

F. The women's restroom entirely lacks a rear grab bar around the water closet, in violation of the ADA and section 604.5.2 of the 2010 Standards and 1991 ADAAG section 4.16.3, whose remedy is strictly required or, at minimum, readily achievable.

G. The women's restroom toilet paper dispenser is not mounted as required, in violation of the ADA and section 604.7 of the 2010 Standards and 1991 ADAAG section 4.16.3, whose remedy is strictly required or, at minimum, readily achievable.

H. The women's restroom cabinet lavatory lacks required knee and toe clearance, in violation of the ADA and section 606.2 of the 2010 Standards and 1991 ADAAG section 4.19.2, whose remedy is strictly required or, at minimum, readily achievable.

I. The women's restroom mirror is located over 40 inches from the finish floor to the reflective surface, in violation of the ADA and section 603.3 of the 2010 Standards and 1991 ADAAG section 4.19.6, whose remedy is strictly required or, at minimum, readily achievable.

J. Upon information and belief based on hotel website photos, the men's restroom contains equivalent barriers to accessibility, in violation of the ADA whose remedy is strictly required or, at minimum, readily achievable. A survey of the restroom is necessary.

**<u>Designated Mobility Accessible Guestroom Number 108</u>**

K. The clear floor space to access the temperature controls is blocked by furniture in violation of the ADA and Section 305.3 of the 2010 Standards and 1991 ADAAG Section 4.2.4.1, whose remedy is strictly required or, at minimum, readily achievable.

L. The bathtub lacks a fixed or portable seat capable of secure placement, in violation of the ADA and section 607.3 of the 2010 Standards and 1991 ADAAG Section 4.20.3, whose remedy is strictly required or, at minimum, readily achievable.

M. The water closets entirely lack rear and side grab bars, in violation of the ADA and Section 604.5 of the 2010 Standards and 1991 ADAAG Section 4.16.3, whose remedy is strictly required or, at minimum, readily achievable.

N. The water closets do not have flush control on the open side of the units, in violation of the ADA and section 604.6 of the 2010 Standards and 1991 ADAAG section 4.16.5, whose remedy is strictly required or, at minimum, readily achievable.

O. The toilet paper dispensers are not mounted as required, in violation of the ADA and section 604.7 of the 2010 Standards and 1991 ADAAG section 4.16.3, whose remedy is strictly required or, at minimum, readily achievable.

P. The lavatories lack required knee clearance, in violation of the ADA and section 606.2 of the 2010 Standards and 1991 ADAAG section 4.19.2, whose remedy is strictly required or, at minimum, readily achievable.

Q. The mirrors are located over 40 inches from the finish floor to the reflective surface, in violation of the ADA and section 603.3 of the 2010 Standards and 1991 ADAAG section 4.19.6, whose remedy is strictly required or, at minimum, readily achievable.

R. There is not at least a 36-inch-wide path around the bed, in violation of the ADA and Section 806.2.3 of the 2010 Standards and Section 9.2.2 of the 1991 Standards, whose remedy is strictly required or, at minimum, readily achievable.

S. The curtain adjusters are located above allowable reach range and require tight grasping or twisting to operate, in violation of the ADA and sections 308.2.1 and 309.4 of the 2010 Standards and 1991 ADAAG sections 4.25.3 and 4.27.4, whose remedy is strictly required or, at minimum, readily achievable.

T. The shelf above the water closet is located above allowable reach range, in violation of the ADA and Section 308.2.1 of the 2010 Standards and Section 4.2.5 of the 1991 Standards, whose remedy is strictly required or, at minimum, readily achievable.

**<u>Designated Mobility Accessible Guestrooms Equipped with Bathtubs</u>**

U. Allegations V through AA are based upon hotel website photos as published by the Defendant. They are not an exhaustive list of barriers to access in the hotel's mobility accessible guestrooms. Plaintiff was denied benefit of access to the mobility accessible guestroom equipped with roll-in shower which was secured by virtue of her reservation (or any mobility accessible guestroom).

V. The clear floor space to access the temperature controls is blocked by furniture in violation of the ADA and Section 305.3 of the 2010 Standards and 1991 ADAAG Section 4.2.4.1, whose remedy is strictly required or, at minimum, readily achievable.

W. The bathtub grab bars are out of compliance or missing, in violation of the ADA and section 607.4.2 of the 2010 Standards and 1991 ADAAG section 4.20.4, whose remedy is strictly required or, at minimum, readily achievable.

X. The water closets do not have flush control on the open side of the units, in violation of the ADA and section 604.6 of the 2010 Standards and 1991 ADAAG section 4.16.5, whose remedy is strictly required or, at minimum, readily achievable.

Y. The toilet paper dispensers are not mounted as required, in violation of the ADA and

section 604.7 of the 2010 Standards and 1991 ADAAG section 4.16.3, whose remedy is strictly required or, at minimum, readily achievable.

Z. The lavatories lack required knee clearance, in violation of the ADA and section 606.2 of the 2010 Standards and 1991 ADAAG section 4.19.2, whose remedy is strictly required or, at minimum, readily achievable.

AA. The mirrors above lavatory are located over 40 inches from the finish floor to the reflective surface, in violation of the ADA and section 603.3 of the 2010 Standards and 1991 ADAAG section 4.19.6, whose remedy is strictly required or, at minimum, readily achievable.

**Designated Mobility Accessible Guestrooms Equipped with Roll-in Showers**

BB. Allegations CC through FF are based upon hotel website photos as published by the Defendant. They are not an exhaustive list of barriers to access in the hotel's mobility accessible guestrooms. Plaintiff was denied benefit of access to the mobility accessible guestroom equipped with roll-in shower secured by virtue of her reservation.

CC. The clear floor space to access the temperature controls are blocked by furniture in violation of the ADA and Section 305.3 of the 2010 Standards and 1991 ADAAG Section 4.2.4.1, whose remedy is strictly required or, at minimum, readily achievable.

DD. The curtain adjusters are located above allowable reach range and requires tight grasping or twisting to operate, in violation of the ADA and sections 308.2.1 and 309.4 of the 2010 Standards and 1991 ADAAG sections 4.25.3 and 4.27.4, whose remedy is strictly required or, at minimum, readily achievable.

EE. The roll-in shower faucet controls and shower spray are not located on the back wall adjacent to the seat a maximum of 27 inches from the seat wall and the controls, faucets, and shower spray unit are located higher than 48 inches above the shower floor, in violation of the ADA and Section 608.5.2 and 308.2.1 of the 2010 Standards and 4.21.3 and 4.21.5 of the 1991 Standards, whose remedy is strictly required or, at minimum, readily achievable.

FF. The shelf located above the water closet is located above allowable reach range, in violation of the ADA and Section 308.2.1 of the 2010 Standards and Section 4.2.5 of the 1991 Standards, whose remedy is strictly required or, at minimum, readily achievable.

**Designated Mobility Accessible Guestrooms Generally**

GG. The Center Hotel Grand Rapids Airport has a legally insufficient total number of hotel guestrooms fitted with mobility accessible features. Whereas, for a property with 183 guestrooms, there must be a minimum of 6 mobility accessible guestrooms without a roll-in shower and a minimum of 2 of mobility accessible guestrooms with a roll-in shower, totaling 8 designated mobility accessible guestrooms. This is in violation of the

ADA and section 224.2 of the 2010 Standards and section 9.1.2 of the 1991 ADAAG whose remedy is strictly required or, at minimum, readily achievable.

HH. The Center Hotel Grand Rapids Airport hotel's designated accessible guestrooms are not disbursed among the various classes of guestrooms, whereas the property offers numerous different types of rooms and various bed arrangements including 1 bedroom suites and 2 bedroom suites. These rooms offer different square footages, amenities and widely varied price points. However, guests who require mobility accessible accommodations are restricted to a king room, whereas able-bodied patrons and guests have access to reserve and stay at the full range of room classes. This is in violation of the ADA and section 224.5 of the 2010 Standards and section 9.1.4(1) of the 1991 ADAAG whose remedy is strictly required or, at minimum, readily achievable.

**Access to Goods and Services**

II. There is no lowered section of the bar in the dining area for wheelchair users, in violation of the ADA and section 904.4 of the 2010 Standards and 1991 ADAAG section 7.2, whose remedy is strictly required or, at minimum, readily achievable.

JJ. There is no accessible means of entry into the pool, in violation of the ADA and Section 242.2 of the 2010 Standards, whose remedy is strictly required or, at minimum, readily achievable.

KK. There is no accessible means of entry into the spa, in violation of the ADA and Section 242.4 of the 2010 Standards, whose remedy is strictly required or, at minimum, readily achievable.

**Policies and Procedures**

LL. The Defendant lacks or has inadequate defined policies and procedures for the assistance of disabled patrons, in violation of the ADA whose remedy whose remedy is strictly required or at minimum is readily achievable.

MM. The Defendant's inadequate procedures for the benefit of its patrons with disabilities extend to its failure to conduct a self-survey of its facilities and amenities that has resulted in discriminatory conduct toward S.A..

NN. The Defendants' inadequate policies and procedures include an absence of emergency evacuation plans of this 5-story hotel for the Defendants' guests with varying types of disabilities who may require an added duty of care and pre-planning. As such, guests with mobility impairments including S.A., struggle to address the existing barriers to accessibility on the property and suffer additional risk in the event of an emergency and proper emergency evacuation plans are required.

20. The discriminatory violations described in Paragraph 19 by the Defendant are not an exclusive list of the ADA violations believed to exist at the place of public accommodation. Plaintiff requires further inspection of the Defendant's place of public accommodation in order to determine, photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access. The Plaintiff, has been denied access to Defendant's accommodations; benefit of services; activities; and has otherwise been discriminated against and damaged by the Defendant, as set forth above. The individual Plaintiff, and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein.

**COUNT I**
**VIOLATION OF THE AMERICANS WITH DISABILITES ACT**

21. Plaintiff restates the allegations of ¶¶1-20 as if fully rewritten here.

22. The hotel, as owned or operated by Defendant, is a place of public accommodation and service establishment, and as such, must be, but is not, in compliance with the Americans with Disabilities Act ("ADA") or Americans with Disabilities Act Accessibility Guidelines ("ADAAG").

23. Plaintiff was unlawfully denied full and equal enjoyment of the goods, services, facilities, privileges, and advantages of the property on the basis of disability due to Defendant's failure to comply with Title III of the Americans with Disabilities Act and its accompanying regulations, as prohibited by 42 U.S.C. § 12182, *et seq.*

Defendant will continue to discriminate against Plaintiff and others with disabilities unless and until Defendant is compelled to remove all physical barriers that exist at the facilities, including those specifically set forth herein, and make the retail store accessible to and usable by persons with disabilities, including Plaintiff.

24. The Plaintiff, and others similarly-situated, is presently without adequate remedy at law and is being damaged by irreparable harm. Plaintiff reasonably anticipates that she will continue to suffer irreparable harm unless and until Defendant is required to remove the physical barriers, dangerous conditions, and ADA violations that exist at the facility, including those set forth herein.

25. Pursuant to 42 U.S.C. §12187, Plaintiff requests that the Court issue an injunction requiring Defendant to bring its place of public accommodation into full compliance with the implementing regulations of the ADA or at minimum make all readily achievable alterations and institute policies and procedures as are legally required to provide full and equal enjoyment of the goods, services, facilities, privileges, and advantages on its property to disabled persons. In connection with that relief, Plaintiff requests reasonable attorney's fees and costs of maintaining this action.

## COUNT II
## VIOLATION OF MICHIGAN PERSONS WITH DISABILITIES CIVIL RIGHTS ACT, M.C.L. § 37.1301 et seq.

26. Plaintiff restates the allegations of ¶¶1-25 as if fully rewritten here.

27. The Center Hotel Grand Rapids Airport, a hotel, is a "place of public accommodation" pursuant to M.C.L §37.1301(a).

28. Defendant committed unlawful acts pursuant to M.C.L §37.1302(a) by denying Plaintiff full enjoyment of its goods, services, accommodations, advantages, facilities, or privileges by failing to provide equal access to people with mobility impairments, and has denied S.A. accessible hotel accommodations that she requires as a person with a disability impairment including failing to maintain her reserved guestroom.

29. Pursuant to M.C.L §37.1606, Plaintiff is entitled to compensatory and exemplary damages, and attorneys' fees and costs, in an amount to be determined at trial, but in any event not less than $25,000.00, as well as issuance of an injunction requiring Defendant to allow full and equal enjoyment of its goods, services, facilities, privileges, and advantages to disabled persons.

**WHEREFORE**, Plaintiff demands,

For **COUNT I**, an injunction requiring Defendant to bring its place of public accommodation into full compliance with the implementing regulations of the ADA or at minimum make all readily achievable alterations and institute policies and procedures as are legally required to provide full and equal enjoyment of the goods, services, facilities, privileges, and advantages on its property to disabled persons, an injunction ordering the closure of the hotel

until it complies with the ADA, and the reasonable attorney's fees and costs of maintaining this action; and,

For **COUNT II**, compensatory and exemplary damages, attorney's fees and costs, in an amount to be determined at trial, but in any event not less than $25,000.00, as well as issuance of an injunction requiring Defendant to allow full and equal enjoyment of the goods, services, facilities, privileges, and advantages to disabled persons.

Respectfully Submitted,

*Counsel for Plaintiff:*

/s/ Owen B Dunn Jr.

Owen B. Dunn, Jr., Esq. (p66315)
Law Offices of OwenDunn, Jr.
The Offices of Unit C
6800 W. Central Ave., Suite C-1
Toledo, OH 43617
(419) 241-9661 – Phone
(419) 241-9737 – Facsimile
Monroe, MI (734) 240-0848
Email: obdjr@owendunnlaw.com